**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Petitioner,

v.

Joey Corvell Reid, Respondent.

Appellate Case No. 2023-001910

———

Appeal from Greenwood County
Frank R. Addy Jr., Circuit Court Judge

———

Memorandum Opinion No. 2026-MO-008
Heard September 9, 2025 – Filed June 3, 2026

———

**AFFIRMED AS MODIFIED**

———

Matthew C. Buchanan, of Columbia, for Petitioner.

Appellate Defender Jordan M. Wayburn, and Deputy Chief Attorney for Capital Appeals David Alexander, of Columbia, for Respondent.

———

**PER CURIAM:** Joey Corvell Reid pled guilty to several crimes—including attempted murder—pursuant to a negotiated plea agreement. The plea court sentenced Reid to ten years active prison time for first degree assault and battery. Pursuant to the plea agreement, that sentence was followed by a consecutive twenty-year sentence for attempted murder, which the plea court suspended on the service

of five years of probation.  Reid served the ten years for assault and battery and was released on probation on the attempted murder sentence.  When the State Department of Probation, Parole, and Pardon Services brought Reid before the circuit court seeking to have his probation revoked, the revocation court refused to consider the revocation on the correct determination that a probationary sentence for attempted murder is an illegal sentence.  *See* S.C. Code Ann. § 16-3-29 (2015) (providing as to the crime of attempted murder, "A sentence imposed pursuant to this section may not be suspended nor may probation be granted.").  The revocation court then vacated the sentence for attempted murder and ordered Reid be resentenced for that crime at a later date.  The State appealed and the court of appeals dismissed the appeal on the basis that the revocation court's order was not immediately appealable.  *State v. Reid*, Op. No. 2023-UP-311 (S.C. Ct. App. filed Sept. 20, 2023).  We granted the State's petition for a writ of certiorari.

We affirm the dismissal of the appeal because the unenforceability of the illegal sentence renders all other issues moot.  Because Reid pled guilty and received the sentence he got based on promises the State made in the negotiated plea agreement, it is simply not possible that any resentencing could result in anything other than a time-served sentence.  Reid has fully served all of the legally-imposed sentence, may not be required to serve the illegal sentence, and may not be given any additional time.  The case is over.

**AFFIRMED AS MODIFIED.**

**KITTREDGE, C.J., FEW, JAMES, HILL, JJ., and Acting Justice Diane Schafer Goodstein, concur.**